UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:18-cv-1735-L** |
| § | |
| **UNITED DEVELOPMENT FUNDING III, LP; UNITED DEVELOPMENT FUNDING IV; HOLLIS M. GREENLAW; BENJAMIN L. WISSINK; THEODORE F. ETTER; CARA D. OBERT; and DAVID A. HANSON,** § § § § § § § § | |
| Defendants. § | |

### FINAL JUDGMENT AS TO DEFENDANTS
### UNITED DEVELOPMENT FUNDING III, LP AND
### UNITED DEVELOPMENT FUNDING IV

The court **issues** this Final Judgment pursuant to its Order, filed earlier today, and the parties' settlement agreement, in favor of the Securities and Exchange Commission and against Defendants United Development Funding III, LP ("UDF III") and United Development Funding IV ("UDF IV") (collectively, "Defendants") as follows:

I.

It is hereby **ordered, adjudged,** and **decreed** that Defendants UDF III and UDF IV are permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and (a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (i) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to

**Final Judgment (UDF Entities) – Page 1**

make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further **ordered, adjudged,** and **decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

It is further **ordered, adjudged,** and **decreed** that Defendants UDF III and UDF IV are permanently restrained and enjoined from filing with the Commission any periodic report pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] which contains any untrue statement of material fact, or which omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which fails to comply in any material respect with the requirements of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] or Rules 12b-20, 13a-1, or 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13].

It is further **ordered, adjudged,** and **decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

It is further **ordered, adjudged,** and **decreed** that Defendants UDF III and UDF IV are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

It is further **ordered, adjudged,** and **decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

It is further **ordered, adjudged,** and **decreed** that Defendants UDF III and UDF IV are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (a) transactions are executed in accordance with management's general or specific authorization; (b) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (c) access to assets is permitted only in accordance with management's general or specific authorization; and (d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

It is further **ordered, adjudged,** and **decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V.

It is further **ordered, adjudged,** and **decreed** that Defendants' Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

It is further **ordered, adjudged,** and **decreed** that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

It is further **ordered, adjudged,** and **decreed** that Defendants have waived any right to appeal from this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the court **directs** the clerk of court to enter this Final Judgment forthwith and without further notice.

Signed this 31st day of July, 2018.

                                                      _____
                                                      Sam A. Lindsay
                                                      United States District Judge