UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:18-CV-1735-L** |
| **UNITED DEVELOPMENT FUNDING III, LP; UNITED DEVELOPMENT FUNDING IV; HOLLIS M. GREENLAW; BENJAMIN L. WISSINK; THEODORE F. ETTER; CARA D. OBERT; and DAVID A. HANSON,** | § § § § § § § § | |
| Defendants. | § | |

### FINAL JUDGMENT AS TO DEFENDANTS
### HOLLIS M. GREENLAW, BENJAMIN L. WISSINK, THEODORE F. ETTER, AND CARA D. OBERT

The court **issues** this Final Judgment pursuant to its Order, filed earlier today, and the parties' settlement agreement, in favor of the Securities and Exchange Commission and against Defendants Hollis M. Greenlaw, Benjamin L. Wissink, Theodore F. Etter, and Cara D. Obert (collectively, "Defendants") as follows:

I.

It is hereby **ordered, adjudged,** and **decreed** that Defendants Greenlaw, Wissink, Etter, and Obert are permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and (a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (i) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary

in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further **ordered, adjudged,** and **decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

It is further **ordered, adjudged,** and **decreed** that Defendants Greenlaw, Wissink, Etter, and Obert are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] by knowingly or recklessly providing substantial assistance to an issuer that files with the Commission any periodic report pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] that contains any untrue statement of material fact, or which omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which fails to comply in any material respect with the requirements of Section 13(a) [15 U.S.C. § 78m(a)] or Rules 12b-20, 13a-1, or 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13].

It is further **ordered, adjudged,** and **decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants,

employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

It is further **ordered, adjudged,** and **decreed** that Defendants Greenlaw, Wissink, Etter, and Obert are permanently restrained and enjoined from aiding or abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly or recklessly providing substantial assistance to an issuer that fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

It is further **ordered, adjudged,** and **decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

It is further **ordered, adjudged,** and **decreed** that Defendants Greenlaw, Wissink, Etter, and Obert are permanently restrained and enjoined from aiding or abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to an issuer that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (a) transactions are executed in accordance with management's general or specific authorization; (b) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain

accountability for assets; (c) access to assets is permitted only in accordance with management's general or specific authorization; and (d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

It is further **ordered, adjudged,** and **decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V.

It is further **ordered, adjudged,** and **decreed** that Defendants Greenlaw and Obert are permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act [17 C.F.R. § 13a-14] by signing a certification of a Form 10-K or 10-Q filed with the Commission falsely confirming that the Form 10-K or 10-Q does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading.

It is further **ordered, adjudged,** and **decreed** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants Greenlaw's and Obert's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants Greenlaw or Obert or with anyone described in (a).

VI.

It is further **ordered, adjudged,** and **decreed** that:

Defendants Greenlaw, Wissink, Etter, and Obert are jointly and severally liable for disgorgement of $6,809,282, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $390,718.

Defendant Greenlaw is liable for a civil penalty in the amount of $250,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant Wissink is liable for a civil penalty in the amount of $250,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant Etter is liable for a civil penalty in the amount of $250,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant Obert is liable for a civil penalty in the amount of $250,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendants shall satisfy these obligations by paying the amounts stated above to the Securities and Exchange Commission within 180 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; the name of the Defendant making payment; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making the payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 180 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the court.

The Commission may propose a plan to distribute the Fund subject to the court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on a Defendant's payment of disgorgement in this action, argue that a Defendant is entitled to, nor shall a Defendant further benefit by, offset or reduction of such compensatory damages award by the amount of any part of a Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Defendant receiving the benefit of the offset shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against a Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

It is further **ordered, adjudged,** and **decreed** that Defendants' Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VIII.

It is further **ordered, adjudged,** and **decreed** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the

complaint are true and admitted by Defendants Greenlaw, Wissink, Etter, and Obert, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants Greenlaw, Wissink, Etter, or Obert under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

It is further **ordered, adjudged,** and **decreed** that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the court **directs** the clerk of court to enter this Final Judgment forthwith and without further notice.

Signed this 31st day of July, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge